IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| FOUNDERS INSURANCE COMPANY, ) | C.A. No. 3:10-cv-2420-CMC |
| ) | |
| Plaintiff, ) | |
| ) | OPINION AND ORDER |
| vs. ) | ON CROSS-MOTIONS |
| ) | FOR SUMMARY JUDGMENT |
| DREAMS ENTERTAINMENT, INC., ) | |
| d/b/a and a/k/a CLUB DREAMS and ) | |
| KEITH C. JOHNSON, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Through this action, Plaintiff, Founders Insurance Company ("Founders"), seeks a declaration that it has no duty to defend or indemnify Defendant Dreams Entertainment, Inc., d/b/a and a/k/a Club Dreams ("Club Dreams") in an action brought against Club Dreams by Defendant Keith C. Johnson ("Johnson"). Through that action ("Johnson Lawsuit"), Johnson seeks recovery from Club Dreams for injuries he suffered when he was "brutally attacked while a patron at" Club Dreams. Johnson proceeds under a variety of theories including claims for negligence based on Club Dreams' failure to prevent or stop the attack.

As between Founders and Club Dreams, the action was resolved through a stipulation that Founders owed Club Dreams neither a duty of defense nor indemnification with respect to the Johnson Lawsuit. *See* Dkt. No. 17 (filed December 29, 2010). Defendant Johnson answered and moved to dismiss after that stipulation was filed. Dkt. Nos. 19, 20. Johnson's motion to dismiss was based, in part, on Founder's failure to specify the policy provision on which it was relying in denying coverage. Dkt. No. 20 at 3-4. The court granted the motion only to the extent it relied on this lack of specificity. Dkt. Nos. 23, 27. The motion was denied in other respects.

In light of the reason for the dismissal, the court allowed Founders' leave to amend to cure the lack of specificity. Dkt. No. 27. Founders timely filed an amended complaint in which it identified and quoted the particular policy provisions on which it was relying. *See* Dkt. No. 30 (amended complaint), 33 (second amended complaint, correcting party names).

The matter is now before the court on cross-motions for summary judgment. The first motion for summary judgment was filed by Johnson on April 21, 2011. In that three-page motion, Johnson argues that Founders incorrectly characterizes the underlying lawsuit as "premised upon intentional torts, *e.g.*, assault and battery" instead of the negligence claims upon which Johnson actually relies for his claims against Club Dreams. Dkt. No. 41 at 1. Johnson also argues that Founders has "failed to provide any guidance or direction as to where one could locate in its insurance policy that it is entitled to the relief sought[.]" *Id.* at 3.[1] In its response, Founders points to the broad assault and battery exclusion which is contained in an endorsement to the policy and is quoted in its first and second amended complaints. Dkt. No. 43 at 4-5. It also offers persuasive arguments as to why this exclusion is dispositive. Johnson did not file a reply.

Founders filed its own motion for summary judgment concurrently with its response to Johnson's motion. Dkt. No. 44. This motion relies on the same arguments as in Founders' memorandum in opposition to Johnson's motion. Johnson did not respond to Founders' motion. Given his failure to reply in support of his own motion or respond to Founder's motion, Johnson has

---

[1] This argument, which is the most specific of Johnson's arguments, appears to be based on the original complaint which failed to identify the specific policy provision on which Founders relies. By contrast, the second amended complaint, which is the operative complaint, identifies the assault and battery exclusion as the provision which precludes coverage of Johnson's claims.

2

provided no argument to why the assault and battery exclusion would not bar coverage of the claims he has asserted in the Johnson Lawsuit.

Founders' arguments are supported by the plain language of the policy endorsement on which it relies. That endorsement provides a broad exclusion for any claims arising out of an assault and battery. Based on the arguments presented by Founders, Johnson's claims appear to fall well within the scope of this exclusion. As noted above, Johnson has provided no argument addressing the specific exclusion or showing why it would not bar coverage of his claims in the Johnson Lawsuit. Under these circumstances, the court concludes that Founders is entitled to summary judgment for the reasons argued in Founders' memoranda in opposition to Johnson's motion for summary judgment (Dkt. No. 43) and in support of its own motion for summary judgment (Dkt. No. 44-1).

## CONCLUSION

For the reasons set forth above, the court DENIES Defendant Keith C. Johnson's motion for summary judgment (Dkt. No. 41) and GRANTS Plaintiff Founders Insurance Company's corresponding motion (Dkt. No. 44). The claims against Defendant Dreams Entertainment, Inc., having been previously resolved by stipulation acknowledging that there is no coverage, the clerk is directed to enter judgment in Plaintiff's favor declaring that it has no duty to defend or indemnify Defendant Dreams Entertainment, Inc., in the litigation brought against it by Defendant Keith C. Johnson.

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 31, 2011